CITY OF GAHANNA, APPELLEE, *v.* CAPUANO, APPELLANT.

[Cite as Gahanna v Capuano (1975), 44 Ohio App. 2d 89.]

(No. 74AP-598—Decided April 10, 1975.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Samuel L. Calig*, for appellee.
*Mr. Charles E. Cline*, for appellant.

REILLY, J. This is an appeal from a decision of the Court of Common Pleas of Franklin County, finding defendant, the appellant herein, guilty of violating Ordinance 333.07 of the City of Gahanna. The ordinance (identical to R. C. 4511.251) reads as follows:

"(A) Drag racing is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other or the operation of one or more vehicles over a common selected course, from the same point to the same point, wherein timing is made of the participating vehicles involving competitive accelerations or speeds. Persons rendering assistance in any manner to such competitive use of vehicles shall be equally charged as the participants. The operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by divisions (A) to (G), inclusive, of section 4511.21 of the Revised Code or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds shall be prima facie evidence of drag racing.

"(B) No person shall participate in a drag race as defined in division (A) of this section upon any public road, street, or highway in this state."

The affidavit shows that the offense was committed upon a public highway, namely Granville Street at Shull Avenue, in the City of Gahanna, Franklin County, Ohio. The description of the offense, in the affidavit, is "drag racing prohibited."

Counsel for defendant objected to the sufficiency of the affidavit, both before as well as after the testimony, and each time the objections were overruled. The court referee found defendant guilty, and suspended his driving privileges for six months. Counsel for the defendant objected to the referee's finding that the affidavit was sufficient. The issue was heard before the trial court, and the referee's decision was affirmed. The trial court's decision reads as follows:

"The objection to the Referee's report is overruled. The findings of the Referee are approved and adopted.

"The ticket describes the offense as 'drag racing prohibited.' The ordinance defined 'drag racing.' The defendant argues that the ticket is not sufficient because it does not provide the details of the offense and cites *State* v. *Goodman*, 8 OA 2nd 166 as authority as to why the ticket was not sufficient. This Court agrees with the Goodman case, but can easily distinguish it from this case.

"In the Goodman case the affidavit made no reference whatsoever to drag racing and only recited part of the elements necessary to constitute the offense of drag racing. It would be difficult to tell from reading the Goodman affidavit that the defendant was not being charged with a simple speeding violation.

"This is not the situation in the case at bar. Defendant is charged with 'drag racing prohibited' and the section under which he was charged was set forth. The Code defines drag racing.

"The purpose of the affidavit is to apprise the defendant of the charge that is made against him in simple and

concise language. This was done in the case at bar. The Referee was correct in his decision.''

Whereupon, this appeal was perfected. Defendant has advanced a single assignment of error:

''The trial court committed prejudicial error by over-ruling defendant's objections to the sufficiency of the affidavit.''

Defendant contends that the affidavit is fatally defective because of omissions which the trial court failed to recognize. Counsel for defendant cites *State* v. *Goodman* (1966), 8 Ohio App. 2d 166, in his brief, to wit:

''* * * an affidavit attempting to allege drag racing was defective where it did not allege that the two vehicles operating side by side did so at accelerating speeds in a competitive attempt to outdistance each other.''

The *Goodman* case is distinguishable, as the affidavit did not specify drag racing and included only a part of the material elements required for the offense. In this case, as noted above, the term ''drag racing'' is specifically included in the affidavit. The essential purpose of an affidavit is to apprise a defendant of the offense charged. The elements of the offense must be set forth when required by the statute involved. Drag racing is defined in the statute to mean particular acts, and it spells out the offense. Therefore, it is encompassed by the statute.

This affidavit is technically defective because it describes the ordinance, or something prohibited, rather than the defendant's conduct. The defect is not so substantial in nature, however, that it results in a failure to inform defendant of the offense charged. Nonetheless, the affidavit should include facts which comprise drag racing. It should have said, for instance, that appellant ''did engage in drag racing upon a public highway.'' Since the defect is not fatal, the affidavit can be amended to properly state an offense. We reiterate, the primary purpose of an affidavit is to inform a person of the offense charged. Moreover, if an affidavit does not include sufficient factual details, it is subject to a bill of particulars as a matter of law.

Consequently, it is ordered that the affidavit be properly amended. Defendant's assignment of error is overruled because, as the trial court noted, he was apprised of the offense charged. Therefore, the judgment is affirmed and the cause remanded to the trial court for an execution of the judgment.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.